### GEORGE KENNEDY v. MARY R. KENNEDY.

BILL OF EXCEPTIONS.  *Amendment of.  Jurisdiction of circuit court to make.*
A bill of exceptions, filed and certified by the presiding judge, but
omitting the recital that it contained all the evidence, can not be
properly amended by a certificate of the clerk of the circuit court,
showing that the omitted recital was left out through an oversight
and by consent of parties and order of court said omitted clause was
inserted.  The circuit court had then no jurisdiction of the case.

#### FROM HENRY.

Appeal in error from the Circuit Court of Henry
county.  CLINTON ADEN, J.

R. K. WARD and COLE & SWEENEY for George Kennedy.

—— —— for Mary R. Kennedy.

DEADERICK, C. J., delivered the opinion of the court.

Plaintiff's petition for divorce was dismissed in the circuit court of Henry county, and he appealed to this court. The evidence heard was oral and could only become a part of the record by bill of exceptions. A bill of exceptions was filed and certified by the presiding judge, but it failed to show that it contained all the evidence. And for this reason the Referees report and recommend an affirmance of the decree.

About a month after the Referees had filed their report the complainant, by his attorney, filed a certificate of the clerk of the circuit court, that the words, "This was all the evidence in the case," were left out of the bill of exceptions by oversight in making it up at the May term, 1882, and on July 9, 1883, by consent of parties and order of the judge, said omitted clause was inserted in the bill of exceptions.

The Referees made a further report that they could not treat the certificate as showing proper amendment of the bill of exceptions, as the circuit court had no jurisdiction of the cause at the time the amendment was made, as the cause was then pending in this court. The certificate itself shows that what is styled the omitted recital, was not inserted in the bill of exceptions at the time it was signed by the judge, but that his order to insert it was made more than

a year after the cause was removed by appeal to this court.

We have sometimes, in order to expedite the hearing of a cause, and to save trouble, upon suggestion of diminution, allowed counsel to agree upon the fact that a part of what properly constituted the record below was omitted from the transcript, and to allow the parties to commit the omitted part to writing. But the recital in this case never was a part of the record as transmitted to this court, and the report of Referees must be confirmed, and decree affirmed.