PATTERSON *v.* PATTERSON.

(*Knoxville.* September 26, 1890.)

1. BILL OF EXCEPTIONS. *Time of filing.*

Bill of exceptions may be signed, filed, and made part of record at any time before the close of the trial term, unless the Court has, by rule or order, prescribed a shorter limit.

Cases cited and approved: Jones *v.* Burch, 3 Lea, 747; Kennedy *v.* Kennedy, 16 Lea, 736; Mallon *v.* Manufacturing Company, 7 Lea, 62; Alexander *v.* State, 14 Lea, 88.

2. SAME. *Same. Rule not changed by Acts 1885, Ch. 65.*

And this rule is not changed by Acts 1885, Ch. 65, providing that all appeals to this Court shall be perfected by the giving of appeal bond or the taking of pauper oath within thirty days after rendition of the judgment or decree, if the lower Court should hold so long, otherwise before the adjournment of that Court. Bill of exceptions is not essential to perfect an appeal, and therefore not within said statute.

Act construed: Acts 1885, Ch. 65.

3. DIVORCE. *Evidence that does not support charge of adultery.*

The evidence set out in the opinion is insufficient to sustain the charge of adultery contained in the bill, and for which alone divorce is sought. It is not shown that the misconduct of defendant occurred *after* the marriage.

FROM KNOX.

Appeal from Chancery Court of Knox County. H. R. GIBSON, Ch.

D. D. ANDERSON, JAMES TAYLOR, and WAT M. COCKE for Complainant.

J. M. KING and OSBORNE & MILLER for Respondent.

CALDWELL, J. Complainant and defendant were married in Knoxville, on the twentieth of January, 1889, and, on the twenty-fifth of March following, this bill was filed by the wife for divorce and alimony. Answer and cross-bill were filed by the husband, and answer to the cross-bill by the wife.

The cause was heard by the Chancellor on the pleadings, proof on file, and testimony of witnesses examined in open Court, and decree was pronounced granting the wife divorce *a vinculo* and alimony.

The defendant has appealed, and here insists that the decree is not warranted by the evidence.

Complainant's counsel contend that the evidence is not before this Court, because the bill of exceptions, which contains the evidence, was signed by the Chancellor more than thirty days after the rendition of the decree.

This presents the first question for our consideration.

The final decree was entered June 16, 1890, and the appeal was prayed for, granted, and perfected by the execution of proper bond four days later.

Then, during the same term of the Court, on the twenty-third of July, 1890, the Chancellor

signed the bill of exceptions and made it a part of the record in the cause.

Under these facts, and the law applicable to them, can this Court regard the bill of exceptions as properly a part of the record?

The statute provides: "That hereafter when an appeal, or appeal in the nature of a writ of error, is prayed from a judgment or decree of an inferior Court to the Supreme Court, the appeal shall be prayed for, and appeal bond shall be executed or the pauper oath taken, within thirty days from the judgment or decree, if the Court holds so long, otherwise before the adjournment of the Court; but for satisfactory reasons shown by affidavit, or otherwise, and upon application made within the thirty days, the Court may extend the time to give bond or take the oath in term or after adjournment of the Court; but in no case more than thirty days additional." Acts 1885, Ch. 65, Sec. 1.

This language relates alone to the prayer for, and perfection of, an appeal, or appeal in the nature of a writ of error. By its terms and by proper construction it embraces no other subject. A bill of exceptions is in no sense a part of an appeal, or an appeal in the nature of a writ of error. The one may exist in any case without the other. A bill of exceptions may properly be made out, signed, and filed as a part of the record without an appeal or an appeal in the nature of a writ of error; and so an appeal, or appeal in

the nature of a writ of error, may be properly perfected and prosecuted without a bill of exceptions.

It is *the appeal,* or *appeal in the nature of a writ of error,* and not *the bill of exceptions,* that, by the letter and spirit of the Act, must be perfected within thirty days from the rendition of the decree or judgment, or within additional time allowed by the Court on application.

The bill of exceptions may be signed and made a part of the record at any time before the close of the term. 3 Lea, 747; 16 Lea, 736; 1 Milliken's Meigs' Digest, Sec. 367, p. 333.

Such has been the uniform rule of practice in this State. It is not changed by the Act in question.

The trial Judge may make a rule establishing a reasonable period, though not covering the whole term, within which bills of exceptions shall be presented for approval and signature. *Mallon* v. *The Tucker Manufacturing Co.,* 7 Lea, 62; *Alexander* v. *The State,* 14 Lea, 88.

No rule of this character had been adopted by the Chancellor who tried this cause, hence the general rule is applicable; and the bill of exceptions found in the transcript is properly a part of the record, and before this Court for consideration.

Mrs. Patterson's bill contains many grave charges against her husband; but the only allegation sufficiently definite and certain to authorize a decree

for divorce is that one wherein she charges that since their marriage he has "been guilty of criminal intercourse or adultery in Knoxville, Tennessee, with one Sis Julian, a public prostitute, residing at 208 Crozier Street," etc.

Though that fact is not recited, we infer that the Chancellor based his decree on this allegation and proof made to support it.

The only evidence touching this charge is that given by "Jo Hull," who testified as follows:

"I knew defendant a short time before he married Annie Bowers, and have known him since then. I never saw him with Sis Julian. I don't know Sis Julian. He told me he was keeping a woman named Sis Julian, at 208 Crozier Street. He asked me to go there with him, but I declined. I saw him go into the house; it is a house of ill fame."

This evidence falls far short of establishing the truth of the charge. It is not stated by the witness, nor otherwise made to appear, whether the conversation mentioned or the visit to the disreputable house was *before* or *after* the marriage between complainant and defendant. That matter, though most material, is left in doubt. The Court cannot infer or presume that the offense was subsequent to the marriage, as it is alleged in the bill to have been. It may have been before and it may have been after the marriage. If before, it affords no ground of relief in this cause; if after, the burden was on complainant to show it.

Having failed to make out her case, she must fail in the relief sought.

That both parties have had bad associations, and been surrounded by corrupt and corrupting influences for some time is, unfortunately, a well-established fact; but that either has been guilty of such wrong or wrongs against the other as to authorize a dissolution of the bonds of matrimony subsisting between them is not satisfactorily shown.

Reverse the decree, and dismiss the bill at the cost of complainant.