IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## MIDDLE DIVISION.

NASHVILLE, DECEMBER TERM, 1894.

BALLARD *v.* RAILROAD.

(*Nashville.* January 5, 1895.)

1. CHANCERY COURT. *Will not grant new trial, when.*

Chancery Court will not grant a new trial upon an averment that complainant was deprived of his remedy by appeal by reason of the refusal or failure of the trial Judge and opposing counsel to carry out an agreement to complete bill of exceptions and perfect appeal after the close of the term at which the case was tried. Such agreements are contrary to public policy. (*Post*, pp. 207–210.)

2. SAME. *Same.*

Chancery Court will not grant a new trial unless complainant shows affirmatively that his rights were lost in the former pro-

---
Ballard v. Railroad.
---

ceeding by fraud or accident, unmixed with any fault or neg-
ligence of himself or attorney.  (*Post, pp. 206, 207.*)

Cases cited and approved : Kearney v. Smith, 3 Yer., 127; 7
Cranch, 332.

---

FROM SMITH.

---

Appeal from Chancery Court of Smith County.
B. M: WEBB, Ch.

T. J. FISHER and S. F. WILSON for Ballard.

TURNER & SMITH, HALE & LEE for Railroad.

WILKES, J.   The case presented by the record,
so far as need be stated, is that it is a bill in
chancery, seeking to obtain a new trial of a cause
already tried in a law Court on its merits, and ap-
pealed to the Supreme Court, and there dismissed,
because the appeal was not perfected in the time
allowed by law and the practice in such cases.

The Chancellor, on demurrer, dismissed the bill, and
complainants have appealed and assigned as error the
action of the Chancellor in not rehearing the case
upon its merits.

The jurisdiction and power of the Chancery Court
to grant new trials, as well as to relieve from
judgments at law when a proper case is made out,
is well established.   The rule is laid down by Chief
Justice Marshall in 7 Cranch, 332, as follows :

"Any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or agent, will justify relief by a Court of Chancery, if the equity of the applicant is free from doubt."

This rule has been approved and followed in Tennessee in a multitude of cases. See cases cited 1 King's Digest, Sec. 737; *Kearney & Moone* v. *Smith & Jackson*, 3 Yerg., 127.

The case as presented in the present record, is that the trial Judge, by consent of the attorneys of both parties in the action at law, agreed to write out his charge after the close of the term at which the cause was tried, and to perfect the bill of exceptions by a certain day, which was to be set for an adjourned term, but failed to do so, and delayed it, over the appellant's protest, for more than a year; that the attorneys of appellee agreed that the delay should not vitiate the appeal, but that the record might be so made up as to show that the bill of exceptions was completed and appeal perfected during the term, so as to appear regular upon its face; that appellant did not know that the agreement and perfecting of the record had not been consummated until the case was called for trial in the Supreme Court, when the record did not appear, as it had been agreed it should, but showed the bill of exceptions filed and appeal perfected after

the time allowed by law, when, on motion of ap-
pellee, the cause was dismissed because of such fail-
ure to perfect the record in the time prescribed by
law, as shown by the record.    While the appellee
states in his bill that he did not know, until the
case was called in this Court that the record was
not made up as agreed upon, he does not allege
that he might not have ascertained this fact by an
examination of the transcript, nor does it appear
that, by proper attention to the entries made, they
might not have been made to conform to the agree-
ment as entered into.

   If, therefore, we could regard such an agreement
as legal and valid, appellant has not shown that dil-
igence, unmixed with negligence, that moves a Court
to grant a new trial of a cause already tried upon
its merits.    But neither this Court nor the Court
of Chancery can grant relief upon any agreement of
the trial Judge and attorneys in the Court below to
delay the completion of bills of exception and the
perfecting of appeals beyond the term at which the
case is tried, nor can any relief be predicated upon
the failure or refusal of the Court or opposing
counsel to carry out such agreement, even if made.
A practice permitting bills of exception to be made
out and appeals perfected after the trial term would
be against public policy, and would inevitably re-
sult in differences between opposing counsel and the
trial Judge, and between the counsel themselves, as to
what the evidence and charge of the trial Judge

really was, and would be detrimental to the proper dispatch and conduct of business in the Courts.

This Court cannot encourage, or, indeed, recognize, the practice of making up bills of exception after the adjournment of the trial term. If a trial Judge fails or refuses to write out his charge, or to sanction it as written, the remedy is given to compel him to do so by mandamus. It is said the terms of the trial Court press so closely upon each other that it is impracticable to perfect the records during the sitting of the Court. If this is so, it is a matter which addresses itself to the Legislature, and not to this Court.

A new trial in equity cannot be granted upon the facts stated in the bill, and the decree of the Court below is affirmed, with costs.