## BETTIS *v.* STATE.

### (*Knoxville.*   October 18, 1899.)

1. BILL OF EXCEPTIONS. *Filed too late, when.*

   It was settled law, prior to the Act of 1899, that a bill of exceptions filed after the close of the term at which the case was tried, came too late, and, therefore, could not be considered as part of the record. (*Post, p. 340.*)

   Cases cited: Clark *v.* Lary, 3 Sneed, 77; McGavock *v.* Puryear, 6 Cold., 34; Jones *v.* Burch, 3 Lea, 747; Sims *v* State, 4 Lea, 359; Patterson *v.* Patterson, 89 Tenn., 151; Ballard *v.* Railroad, 94 Tenn., 205.

2. SAME. *Same.*

   Under Acts 1899, Ch. 275, authorizing the Court to allow parties time to prepare and file bills of exceptions, not to exceed thirty days after the close of the trial term, if the bill of exceptions appears to have been filed after the expiration of the time allowed by the Court for that purpose, it will not be treated or considered as part of the record. (*Post, pp. 341, 342.*)

   Act construed: Acts 1899, Ch. 275.

---

FROM   JEFFERSON.

---

Appeal in error from Circuit Court of Jefferson County.   W. R. HICKS, J.

J. J. COILE and PARK & PARK for Bettis.

ATTORNEY-GENERAL PICKLE and EUGENE HOLT-SINGER for State.

CALDWELL, J. Clyde Bettis was indicted and tried in the Circuit Court of Jefferson County for the murder of Leander Cox. He was convicted of murder in the second degree, and sentenced to the penitentiary for ten years.

Motion for new trial having been made and overruled, he appealed in error to this Court, and here insists that the trial Judge committed error in certain rulings upon the admissibility of evidence, and in his charge to the jury, and that the verdict was not warranted by the evidence introduced.

The State contends that none of the objections urged can be considered by this Court, for the want of a bill of exceptions, and that what purports to be a bill of exceptions cannot be so regarded because not filed within the time required by law.

The term of the Court at which the trial and conviction were had closed on the 26th day of August, 1899, and the alleged bill of exceptions was filed September 8th, 1899.

It has long been settled that a bill of exceptions filed after the close of the term at which the case was tried, as in this instance, comes too late, and, therefore, cannot be considered a part of the record. *Clark* v. *Lary,* 3 Sneed, 77; *McGavock* v. *Puryear,* 6 Cold., 34; *Jones* v. *Burch,* 3 Lea, 747; *Sims* v. *State,* 4 Lea, 359; *Patterson* v. *Patterson,* 89 Tenn., 151; *Ballard* v. *Railroad,* 94 Tenn., 205.

But it is said in behalf of Bettis that this rule was changed by Chapter 275 of the Acts of 1899, and that the present bill of exceptions was made out and filed under and in accordance with that change.

The language of the statute is as follows:

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, That in all cases of appeal, or appeal in nature of writ of error from the Circuit and Chancery Courts to the Supreme Court, the Judge or Chancellor may, in his discretion, allow the parties time in which to prepare and file the bill of exceptions, not to exceed thirty days after the adjournment of the Court.

"Sec. 2. Be it further enacted, That bills of exception signed by the Court, and filed under Section 1 of this Act, after the adjournment of the Court for the term, shall be made and become a part of the record in the cause in which it may be filed as fully and to all intents and purposes as if signed by the Court and filed before the adjournment of the Court." Acts 1899, Ch. 275, Secs. 1 and 2, p. 657.

On the 23d day of August, 1899, and at the conclusion of the minute entry of the judgment and appeal, an order was made in these words: "On application of the defendant, he is allowed twelve days from this date in which to file his

bill of exceptions in the case, which, when so filed, shall be certified as a part of the record."

By this order the Court allowed the defendant until the 4th of September following to prepare and file his bill of exceptions, but he did not file it, as already seen, until the 8th of September, four days after the expiration of the extension given. So that, if the statute was intended to include criminal cases, which is not decided, there was a failure to comply with the terms of the order, and, as a consequence, this Court is precluded from treating the belated bill of exceptions as a part of the record.

We are the better satisfied with this conclusion, because, before reaching it, we carefully investigated the so-called bill of exceptions, and became fully convinced that Bettis participated in the murder charged, and was rightfully convicted.

Let the judgment be affirmed.