## MARCELLUS RHINEHART *v.* STATE.

*(Nashville.*   December Term, 1909.)

1. **BILL OF EXCEPTIONS.**  Time for preparing may be allowed
   not to exceed thirty days after the adjournment.
   The former rule of law that a bill of exceptions filed after the
   close of the term at which the case was tried came too late and
   could not be considered as a part of the record was modified
   by statute (Acts 1899, ch. 275, sec. 1) authorizing the trial
   judge or chancellor, in his discretion, in all cases of appeal
   from trial courts to the supreme court, to allow the parties time
   in which to prepare a bill of exceptions, not to exceed thirty days
   after the adjournment.   (*Post, pp.* 700, 701.)

   Acts cited and construed: Acts 1899, ch. 275, sec. 1.

   Cases cited and approved: Clark v. Lary, 3 Sneed, 77; McGavock
   v. Puryear, 6 Cold., 34; Jones v. Burch, 3 Lea, 747; Sims v. State,
   4 Lea, 359; Patterson v. Patterson, 89 Tenn., 151; Ballard v.
   Railroad, 94 Tenn., 205; Bettis v. State, 103 Tenn., 339.

2. **SAME.** Same.  Continuance of motion for new trial to the
   next term does not carry the whole case over into the next term
   so as to authorize thereat a bill of exceptions to be signed and
   filed; rule not changed by statute.
   The continuance of a motion for a new trial from the trial term
   to the succeeding term of the court does not authorize the prep-
   aration and filing of a bill of exceptions within the extension
   of thirty days' time granted by the court upon overruling such
   motion at the next term.   Such continuance of the motion for
   a new trial does not carry the whole case over into the next
   term so as to authorize thereat such extension of time, and
   the preparation, signing, and filing of a bill of exceptions within
   such extension.   This rule is not affected or modified by a stat-
   ute (Acts 1899, ch. 40) providing that whenever a case is pend-

Rhinehart v. State.

ing and on trial by court or jury, undetermined when the term expires, on account of time and the arrival of the succeeding term, the term shall be extended and continued into such succeeding term for all the purposes of trying, disposing of and returning verdict,. and rendering judgment in such case so pending and on trial, the same as if such new term had not arrived. (*Post, pp.* 701-703.)

Acts cited and construed: Acts 1899, ch. 40.

Cases cited and distinguished: Railroad v. Simmons, 107 Tenn., 392; Ray v. State, 108 Tenn.; 282.

FROM MONTGOMERY.

Appeal in error from the Criminal Court of Montgomery County.—C. W. TYLER, Judge.

F. G. GILBERT, J. E. JUSTICE, J. D. TYLER, and W. D. HOWSER, for Rhinehart.

ATTORNEY-GENERAL CATES, for State.

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

The plaintiff in error having been found guilty of murder in the first degree, in the killing of Rufus Hunter, has brought the record to this court for review. The trial took place at the June term, 1909, of the criminal court of Montgomery county, the jury returning their

verdict on the 17th of July. On that day a motion for
a new trial was entered, and on the 12th of August fol-
lowing a minute entry was made showing that the fu-
ture hearing of this motion was continued until the
next term of the court. On the following day, to wit,
on the 13th day of August, there was a final adjourn-
ment of the June term of the court. The August term
began on the 3d Monday of August, 1909, this being
the 16th day of the month. The record shows that on
August 19th the motion for a new trial was overruled,
and 30 days were granted by the court for the prepara-
tion and filing of a bill of exceptions. Acting under
this leave, the counsel for plaintiff in error prepared
a paper purporting to be a bill of exceptions, which,
being signed by the trial judge, was noted as filed on
the 13th of September, 1909. Under these conditions,
have we anything before us save the technical record?
Can this paper, styled a "bill of exceptions," be treated
as such by this court?

It was long the settled law of this State that a bill
of exceptions filed after the close of the term at which
the case was tried came too late and could not be con-
sidered a part of the record. *McGavock* v. *Puryear*, 6
Cold., 34; *Clark* v. *Lary*, 3 Sneed, 77; *Jones* v. *Burch*,
3 Lea., 747; *Sims* v. *State*, 4 Lea., 359; *Patterson* v. *Pat-
terson*, 89 Tenn., 151, 14 S. W., 485; *Ballard* v. *Rail-
road*, 94 Tenn., 205, 28 S. W., 1088; *Bettis* v. *State*, 103
Tenn., 339, 52 S. W., 1071.

This rule was modified, however, by chapter 275 of
the Session Acts of 1899, by the first section of which

it was provided that in all cases of appeal from trial
courts to the supreme court "the judge or chancellor
may in his discretion allow the parties time in which to
prepare a bill of exceptions, not to exceed thirty days
after the adjournment." In the Bettis Case, supra, this
court, recognizing the long-established rule and its modi-
fication by this statute, held that the bill of exceptions,
filed after the expiration of the extension given by the
trial judge, could not be used as a part of the record.
In that case there was an affirmance of the judgment of
the trial court, pronounced on a verdict of guilty of
murder in the second degree, with punishment fixed at
confinement in the penitentiary for a term of ten years.

It is insisted, however, that inasmuch as the motion
for a new trial in the case at bar was continued from
the trial term to the succeeding term of the court, this
carried over the whole case, with the right to file a bill
of exceptions within the extension granted by the court.
This insistence is rested on chapter 40 of the Acts of
1899, as construed by this court in *Railroad* v. *Simmons,*
107 Tenn., 392, 64 S. W., 705, and *Ray* v. *State,* 108
Tenn., 282, 67 S. W., 553. This statute provides that,
"whenever in the courts of this State any case is pend-
ing and on trial by court or jury undetermined at the
time the term at which it is pending expires, on account
of time and on account of the arrival of the succeeding
term, the term shall be extended and continued into
such succeeding term for all the purposes of trying, dis-
posing of and returning verdict, and rendering judg-

ment in such case so pending, and on trial the same as if such new term had not arrived." This statute was passed with no such case in view as we have here, nor does it fall within either its letter or spirit. The legislature, realizing the fact that, with increasingly crowded dockets in the lower court, a cause might be on trial when the day was reached for the adjournment of the court, with a view to the holding of a term of another court, over which the trial judge presided, to avoid the loss of time and labor consumed in such a trial, provided simply that such a cause might be projected into this succeeding term to be finally disposed of. The first of the above cases was tried in the circuit court of Madison county, and the motion for a new trial was made on October 12th, and there not being sufficient time to dispose of this motion it was held under advisement until October 16th, when it was overruled, the appeal prayed and granted, and thirty days allowed to file a bill of exceptions. Under the statute the fall term of the circuit court of Chester county began on the third Monday in October, which was October 15th. The insistence in this court was that the motion for a new trial having been disposed of, the appeal granted, and the extension given for filing a bill of exceptions, after the day on which the Chester circuit court should have convened, these various acts were *coram non judice*. This contention, however, was held to be unsound, and the case within the saving of the statute set out just above. In that case, however, unlike the present case, there

Rhinehart v. State.

was no final adjournment of the trial term, but simply a carrying over of the motion for a new trial beyond the day prescribed by law for the opening of the court in Chester county, and it was held that this was within the spirit of the statute. The same conditions, but more distinctly set out in the opinion, existed in *Ray* v. *State,* supra. Neither of these cases support the insistence of counsel for plaintiff in error.

Notwithstanding, under this holding, there is no bill of exceptions in the record, yet we have examined carefully the paper purporting to be such, and we have no doubt that the plaintiff in error, was guilty of the felony charged against him. The murder of Rufus Hunter, wanton, unprovoked, and unjustifiable, was a crime, not only against the law of the land, but against civilization as well.

It follows that the judgment of the lower court is affirmed.