# J. M. DUNN *v.* STATE.

*(Nashville.    December Term, 1912.)*

**1. BILLS OF EXCEPTIONS.    Must be filed during the term or within court's extenson under statute.**

Where a bill of exceptions was not filed by the accused until after the adjournment of the term at which he was tried and convicted, and no time was granted by the court during the term extending the time for filing the same beyond the term, it was unavailable to present, on appeal, matters arising at the trial, and not a part of the record proper. (*Post, pp.* 271-273.)

Acts cited and construed:   Acts 1835-36, ch. 5, sec. 4; Acts 1899, chs. 40 and 275.

Code cited and construed:    Secs. 6056, 6057 (S.);   sec. 4991 (M. & V.); secs. 4218, 4219 (T. & S. and 1858).

Cases cited and approved:   Clark v. Lary, 3 Sneed, 79, 80; McGavock v. Puryear, 6 Cold., 34, and citations; Sims v. State, 4 Lea, 357, 359; State v. Brockwell, 16 Lea, 683, 685; citations in note 14 under sec. 4693 of Shannon's Code; Patterson v. Patterson, 89 Tenn., 151, 154; Bettis v. State, 103 Tenn., 339; Railroad & Telegraph Cos. v. Simmons, 107 Tenn., 319; Ray v. State, 108 Tenn., 283; Hinton v. Insurance Co., 110 Tenn., 113; Rhinehart v. State, 122 Tenn., 693.

**2. NEW TRIALS.    Motion for, must be made during term, but may be continued.**

While the motion for a new trial must be made at the trial term, yet it may be continued to the next term and be then disposed of.   (*Post, p.* 273.)

Cases cited and approved:   McGavock v. Puryear, 6 Cold., 34, 39; Williamson v. Anthony, 4   eisk., 78.

**3. BILLS OF EXCEPTIONS.   Time for filing is not extended by motion for new trial.**

Dunn v. State.

The making of a motion for a new trial by the accused does not affect or extend the time for making and filing a bill of exceptions. (*Post, p.* 274.)

Code cited and construed: Sec. 4693 (S.); sec. 3682 (M. & V.); sec. 2968 (T. & S. and 1858).

Cases cited and approved: Muse v. State, 106 Tenn., 181, 183; Railway & Light Co. v. Trawick, 118 Tenn., 273, 275.

**4. NEW TRIALS.    Motion for, when undisposed of, is continued by operation of law.**

The motion for a new trial, when left undisposed of at the close of the trial term, is continued by operation of law, as part of the undisposed of business of the term, appearing on the records of the court. (*Post, p.* 274.)

**5. BILLS OF EXCEPTIONS.  Become a part of the record, when.**

The bill of exceptions does not become a part of the record until it is written, signed, and filed, and is thus completed. (*Post, p.* 274.)

**6. JUDGMENTS.  Entered on verdict when verdict is recorded, unless motion for new trial is sooner made, and then after disposition of such motion.**

The judgment is usually entered on the verdict when the verdict is recorded on the minutes, unless a motion for a new trial be made before that occurs; and if such motion be made before judgment, the judgment remains unentered until the motion is finally disposed of, even though that does not occur until the succeeding or some subsequent term. (*Post, pp.* 274, 275.)

Cases cited and approved: Greenfield v. State, 7 Bax., 18, 19; Railroad v. Ray, 124 Tenn., 16.

**7. SAME.  Judgment on verdict may be entered at any subsequent term.**

The judgment on the verdict may be lawfully entered at a subsequent term, whether the failure to enter it at the trial term was the result of mere inadvertence or misprision, because the motion for a new trial remained undisposed of. (*Post, p.* 275.)

Case cited and approved: Greenfield v. State, 7 Bax., 18, 19.

Dunn v. State.

8. **SAME. Judgment before motion for new trial is suspended by such motion until final disposition thereof; better practice to set aside judgment.**

Where the judgment is entered at the trial term, before the entry of a motion for new trial, such motion, when made and entered, if done within thirty days after the entry of the judgment, suspends the judgment until the motion is finally disposed of; and, if the motion is overruled, the judgment stands as of the date of the overruling of such motion, or of its disposition, whether overruled or sustained; and the continuance of the motion into the next term, and the adjournment to the next term, carries with it, as unfinished business of the court, the suspended judgment, though it would be better practice formally to set aside the judgment upon the entry of the motion for new trial. *Post, p. 275.*)

Case cited and approved: Railroad v. Ray, 124 Tenn., 16.

9. **BILLS OF EXCEPTIONS. Necessary in motion for new trial when continued to the next term.**

Where the motion for a new trial is not acted on during the trial term, but is continued and goes over to the next term, the trial judge cannot act upon the matters that go to to make up the bill of exceptions, unless such matters were embraced in a bill of exceptions made and filed during the trial term, or within the court's extension of time under the statute (Acts 1899, ch. 275). (*Post, pp. 275, 276.*)

10. **SAME. Must be made and filed within what time; general rules stated.**

The bill of exceptions may be lawfully made and filed during the following periods: (1) Any time during the ordinary trial term, in the absence of an order of the court fixing a shorter period within the term; (2) during such special period fixed by the court within the ordinary term, if there be any such period so fixed; (3) during any period, not exceeding thirty days after the adjournment of the term, which the judge may grant by an order on his minutes prior to adjournment; (4) during any such extension of the term, while such extension is still running

and not adjourned to court in course; (5) or within thirty days after the final adjournment supervening the extension, if such time be granted by the judge by order on his minutes before final adjournment. (*Post, pp.* 276, 277.)

11. **SAME. Verdict is conclusively presumed to be justified by the evidence, in the absence of.**

In the absence of a bill of exceptions, the court must conclusively presume that the evidence justified the verdict. (*Post, p.* 277.)

Case cited and approved: Bundren v. State, 109 Tenn., 225, 230.

12. **SAME. Paper purporting to be bill of exceptions, when fatally defective, will not be examined to ascertain innocence or guilt of prisoner.**

Where the paper purporting to be the bill of exceptions is fatally defective as such, the supreme court will not examine such paper for the purpose of ascertaining the guilt or innocence of the prisoner; and the previous practice of doing so in some cases is condemned and disapproved; for the better practice is to act on the sound principle that, if the paper is not a part of the record, it cannot be looked to for any purpose. (*Post, pp.* 277, 278.)

13. **SAME. May be valid as to newly discovered evidence on motion for new trial, though invalid as to evidence on the trial.**

Where the motion for a new trial was continued to the next term, and then disposed of, and the bill of exceptions purports to contain the testimony introduced at the trial, together with the newly discovered evidence heard on such motion, and for which a new trial was sought; and where the bill of exceptions was not made and filed in time to preserve the testimony introduced at the trial, but was in time to preserve the evidence and ruling on the motion for new trial, such evidence on the hearing of such motion will be reviewed, but the balance of the bill of exceptions will be treated as surplusage. (*Post, pp.* 279, 280.)

14. **AGE OF CONSENT LAW. No conviction where girl in question was a bawd, lewd, or kept female.**

In a prosecution for the violation of the age of consent law, proof that the girl in question was a bawd, lewd, or kept female at the

Dunn v. State.

time the defendant is alleged to have had criminal relations with her is a complete defense. (*Post, pp.* 280, 281.)

### FROM DAVIDSON.

Appeal in error from the Criminal Court of Davidson County.—A. B. NEIL, Judge.

WILLIAM A. GUILD, for Dunn.

Assistant Attorney-General FAW, for State.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in error was indicted in the criminal court of Davidson county for the violation of the age of consent law, and sentenced to five years' confinement in the State penitentiary. He appealed to this court, and has here assigned errors. All of the errors assigned are based upon a writing attached to the record, relied upon by plaintiff in error and his counsel as a bill of exceptions.

The paper referred to, however, cannot be treated as a bill of exceptions, because it was not filed until after the adjournment of the term of court at which he was tried and convicted; no time having been granted by the trial judge under the statute for so filing. He was tried at the December term, 1911, on the 12th day of the month. On that day he entered a motion for a new trial, which was continued over by the court until the next, or Jan-

uary, term. During that term, on the 20th day of January, the motion for new trial was overruled, and judgment was entered against the prisoner, and thereupon he appealed to this court, and was allowed by the trial judge twenty days from January 20th to file his bill of exceptions. The paper relied upon for a bill of exceptions was filed February 3, 1912; that is to say, the bill of exceptions was made and filed after the adjournment of the trial term, and without any order granted during that term allowing time to make and file the bill. Such a bill of exceptions comes too late.

The law is:

The bill of exceptions must be made up and signed at the trial term (*McGavock* v. *Puryear,* 6 Cold., 34, and cases cited; *Sims* v. *State,* 4 Lea, 357, 359; *State* v. *Brockwell,* 16 Lea, 683, 685; and see cases cited in note 14 to Shan. Code, sec. 4693), or within such time during the term as may be prescribed by the court by special order in the particular case, or by general order regulating the subject (*Hinton* v. *Insurance Co.,* 110 Tenn., 113, 72 S. W., 118; *Patterson* v. *Patterson,* 89 Tenn., 151, 154, 14 S. W., 485), or within such time after the adjournment of the term, not exceeding thirty days, as the judge may grant under authority of the statute on that subject (*Bettis* v. *State,* 103 Tenn., 339, 52 S. W., 1071; *Rhinehart* v. *State,* 122 Tenn., 698, 127 S. W., 445). Likewise the judge, by adjourning from day to day as usual, or to a day certain before final adjournment, may extend the term, when a case is on trial and uncompleted when the regular time for adjournment

Dunn v. State.

of the court by law arrives, and in such a case may, as incident thereto, act on a motion for new trial, and sign a bill of exceptions before he closes the term (*Street Railroad & Telegraph Companies* v. *Simmons*, 107 Tenn., 392, 64 S. W., 705; *Ray* v. *State*, 108 Tenn., 283, 67 S., W., 553; Acts of 1899, ch. 40; Shan. Code, secs. 6056, 6057; Acts of 1835-36, ch. 5 sec. 4) ; but he cannot sign such bill of exceptions after he has formally adjourned the term of the court (*Rhinehart* v. *State*, 122 Tenn., 698, 127 S. W., 445), unless within the term, by order on the minutes, time be granted, not exceeding thirty days from the date of adjournment, for the making and filing of a bill of exceptions. The reason why the bill of exceptions must be made up and signed within the term, or within thirty days thereafter, is that with the lapse of time the impression made on the memory of the judge becomes more faint, and his recollection less reliable as to the evidence deposed to and the incidents of the trial, and it is the dictate of prudence as well as the policy of the law that these matters shall be written down and submitted to him while they are still safely within his grasp. *Clark* v. *Lary,* 3 Sneed, 79, 80.

The motion for new trial must be made at the trial term, but need not be then disposed of; it may be continued to the next term and then disposed of. *McGavock* v. *Puryear,* supra, 6 Cold., 39; *Williamson* v. *Anthony,* 4 Heisk., 78; 29 Cyc., p. 1003, note 13, and other authorities. There is no necessity for waiting until the motion for new trial is acted on to make up the bill of

exceptions. If not made up pursuant to the rules already stated, the right to it is lost. If made up pursuant to these rules, and filed, it becomes a part of the record (Shan. Code, sec. 4693; *Muse* v. *State*, 106 Tenn., 181, 183, 61 S. W., 80; *Railway & Light Co.* v. *Trawick*, 118 Tenn., 273, 275, 99 N. W., 695, 10 L. R. A. [N. S.], 191, 121 Am. St. Rep., 996, 12 Ann. Cas., 532), and may be used in support of the motion for new trial, whether that be disposed of at the trial term or at a term subsequent. It may be deemed, and no doubt is generally deemed, useless labor on the part of counsel to prepare a bill of exceptions before it is known whether the trial judge will sustain the motion for new trial; but this cannot, of course, change the rule of law based on the controlling reason above set forth. If the motion for a new trial be left undisposed of at the close of the trial term, it is continued by operation of law, as part of the undisposed of business of the term, appearing on the records of the court. But this is not true of the making and filing of a bill of exceptions. This is a matter wholly outside of the record, resting still in the memory of witnesses. The bill does not become a part of the record until it is written, signed, and filed; and when this is done, it is complete. In its very nature it is a creature and incident of the trial term.

The judgment, in this State, is usually entered on the verdict when the latter is recorded on the minutes, unless a motion for new trial be made before that occurs. *Greenfield* v. *State*, 7 Baxt., 18, 19; *Railroad* v. *Ray*, 124 Tenn., 16, 134 S. W., 858, Ann. Cas., 1912D, 910. If a

motion for a new trial be made before judgment, the latter remains unentered until that motion is finally disposed of, even if that be at the succeeding or any subsequent term. The judgment on the verdict may be lawfully entered at a subsequent term, whether the failure to enter it at the trial term be the result of mere inadvertence on the part of the court, or misprision of the clerk, or because the motion for new trial remains undisposed of. *Greenfield* v. *State,* supra. If the judgement be entered at the trial term, before the entry of a motion for a new trial, the latter, when made and entered, if this be done within thirty days after such entry of judgment, suspends the judgment until the motion is finally disposed of; and, if it be overruled, the judgment stands as of the date of the overruling of such motion, or of its disposition whether overruled or sustained. The continuance of the motion for new trial into the next term, and the adjournment to the next term, carries with it, as unfinished business of the court, the suspended judgment. *Railroad* v. *Ray,* supra. But the better practice is to formally set aside the judgment upon entry of the motion for new trial.

To recapitulate: The making and filing of a bill of exceptions does not depend upon the disposition of the motion for a new trial; on the contrary, the latter depends on the former. That is to say, the matters which go to make up the bill of exceptions must be recalled to the attention of the trial judge, along with any new evidence which may be submitted in support of the motion, as a means of convincing him that he has com-

mitted error for which a new trial should be granted.
When the motion is acted on by him during the trial
term, this use of materials still remaining unwritten is
made available by an appeal to the memory of the judge,
who is supposed to retain these matters during the term.
But when the motion goes over to the next term, these
fluid materials remain no longer available. They must
be reduced to form and filed. Or, in case the motion for
new trial be disposed of at the trial term, and it is de-
sired to test in the supreme court the correctness of the
action of the trial judge in overruling the motion and
entering judgment, the testimony and other matters
proper to go into a bill of exceptions must be put into
that form and filed during the trial term, or within
thirty days which the judge is authorized to grant to
the unsuccessful litigant. When we say trial term, we
must be understood as including any period during which
the term is running, and before final adjournment there-
of, even though the court ran for a day, or several days,
beyond the day on which it is arranged to end by the
special statute or statutes prescribing the beginning and
ending of terms of court; such running forward into
the time of a succeeding term being also by authority
of law to provide for the contingency of an unfinished
trial. Code, statutes, and cases, supra. The periods,
then, during which a bill of exceptions may be lawfully
filed, are these: (1) During the whole of the ordinary
term of the court at which the cause is tried, if there
be no order of that court fixing a shorter period within
the term; (2) during such special period fixed by the

court within the ordinary term if there be any such period fixed; (3) during any period not exceeding thirty days after the adjournment, which the judge may grant on his minutes prior to adjournment; (4) during any extension of the term, while such extension is still running and not adjourned to court in course; (5) or within thirty days after the final adjournment supervening the extension, if such time be granted by the judge by order on his minutes before final adjournment.

In the absence of a bill of exceptions the court must conclusively presume that the evidence justified the verdict of the jury. *Bundren* v. *State,* 109 Tenn., 225, 230, 70 S. W., 368.

Counsel asked on the hearing, if the court should be of the opinion that the bill of exceptions was fatally defective, then that we should nevertheless examine such paper for the purpose of ascertaining the guilt or innocence of the prisoner. The counsel referred to some cases in which the court, after holding the bill of exceptions bad, nevertheless referred to it, and stated that the members of the court felt the more satisfied with the result because after such examination they were convinced of the guilt of the prisoner or the justice of the result reached by them. There are such cases, but we think the practice a bad one. If the court, on reading such defective paper, should believe that the evidence did not justify the verdict, still it could not act on that paper, because not properly before it. Again, if on looking to it the court should believe that the jury reached a correct result, and should so state, this would

perhaps prejudice the prisoner's application for executive clemency. We believe the better practice is to act on the sound principle that, if a paper is not part of the record, it cannot be looked to for any purpose. If the prisoner has been deprived of his bill of exceptions through mistake of law on the part of his attorneys as to the time for preparing and filing such bill, there is left to him only an application to the governor, who may or may not read such paper as he may deem proper; that officer not being bound by the rules above established and necessary for the conduct of the business of the court. It is within his power to wholly pardon or to so reduce the sentence as to meet what he may deem the justice of the cause requires. We do not wish to be understood as expressing any opinion upon the guilt or innocence of the prisoner, or upon the merits of any application for pardon which he may make to the governor. If the case should be presented to him, we desire that it should be received by him free of any suggestion of this court as to the merits of the controversy between the prisoner and the State.

The result is the judgment of the trial court must be affirmed, with costs.

It is but just to the counsel who appeared before the court, Mr. Guild, to say that he did not represent the prisoner in the trial court, and is not responsible for the failure to make up and file the bill of exceptions in time.

## ON PETITION TO REHEAR.

Our attention has been called to the fact that on the hearing of the motion for new trial at the January term, to which that motion had been continued from the preceding term, additional evidence was offered and heard on behalf of plaintiff in error. It is urged that, if it was proper to postpone the hearing of a motion for new trial to a succeeding term, it was likewise proper to hear evidence at that term appropriate to the grounds of such motion, as to newly discovered evidence, surprise, etc., and that it must necessarily follow that a bill of exceptions preserving that evidence could be lawfully made at such succeeding term. We think this is a sound view. Then, on the assumption of the soundness of this view, it is insisted by counsel for plaintiff in error that so much of the paper filed as a bill of exceptions in the present case as embraces the testimony just referred to may be looked to by the court. It is objected by counsel for the State that this evidence is incorporated in the same paper which purports to preserve the testimony heard before the jury; that the bill of exceptions is a unit, and the whole bill must be looked to or none. We think the proper practice is set forth in the original opinion; that the evidence submitted to the jury, exceptions made at and during the trial, rulings on evidence, and other rulings made by the trial judge, not belonging to the technical record, the charge of the court, instructions offered and given, or offered and refused, and all other matters occurring at or during the trial, relied on as a basis for new trial, must be

embodied in a bill of exceptions, made up and filed as set forth in the original opinion. It is often proper, and even necessary, however, to introduce new evidence before the trial judge, such as newly discovered evidence, evidence showing surprise to plaintiff in error, fraud practiced on him, or evidence supporting some other ground that would justify the granting of a motion for new trial. Such testimony may be properly embraced in an additional bill of exceptions, and can only be so preserved when the motion for new trial is continued to a subsequent term of the court and such additional testimony is then introduced. If, as in the present case, the bill of exceptions not only embraces that evidence, but also purports to embrace the testimony submitted to the jury, and which should have been covered in a bill of, exceptions made up and filed as set forth in the original opinion, such other matter must be treated as surplusage, and the case determined in this court only upon the testimony heard on the motion.

It is insisted for the State that a bill of exceptions covering only the new evidence adduced before the trial judge on a motion for new trial could not be rightly estimated by this court, unless taken in connection with the evidence heard before the jury; that the omitted evidence would be needed to enable the court to see the bearing and effect of the new evidence. This is true, and there is not more than one case in a thousand that would not be covered by the observation. The present case, however, is the exception.

The plaintiff in error could not be convicted under

Dunn v. State.

the statute, if the girl in question, Hetty Hunt, was a bawd, lewd, or kept female at the time he is alleged to have had criminal relations with her. She was introduced on the original trial, as shown by her evidence on the motion for new trial, and she then testified, as she says, that she was a virtuous girl. She further testified, on the hearing of this motion, that what she swore on the former trial was false; that she had already become a girl of bad character at the time plaintiff in error had relations with her, and that she was induced to make the false statement by her mother, to enable the latter to force money from plaintiff in error, and also to break up the criminal relation existing between him and her sister Maggie; that is, to separate them, so that her mother could obtain money by using Maggie as a lure for other men. If this testimony had been given before the jury, they could not have convicted the plaintiff in error, unless in spite of the girl's testimony as to her own villainy, the State could have proven that she was a virtuous girl.

It seems hardly probable that the State could have carried this burden. Aside from the testimony of the girl herself, on the motion for new trial, there was other evidence indicating that she was a girl of dissolute habits before plaintiff in error met her.

We add, however, that although on the ground just mentioned we must set aside the affirmance of the judgment of the trial court entered under the original opinion, the doctrines and rules laid down in that opinion are here reaffirmed as controlling the practice in this State on all points therein settled.