## J. T. SMITH v. JOSIE COMBS.

Western Section.   July 31, 1926.

No petition for Certiorari was filed.

1. **Appeal and error. Special requests for instructions must be copied in the bill of exceptions.**
   Where the special requests complained of were not copied in the bill of exceptions, except in the motion for a new trial, held that they cannot be considered by the appellate court.

2. **Appeal and error. Motion for new trial must be made at same term of court at which judgment is returned.**
   Under the code it is necessary for the motion for new trial to be filed in the same term of court at which judgment is rendered.

3. **Appeal and error. The court cannot by order permit a party to file his motion for new trial at the succeeding term in which judgment is entered.**
   Where judgment was entered on the last day of the term and the court entered an order that defendant be given thirty days to file a motion for new trial which time extended into another term, held, the order of the court was beyond its jurisdiction and the appeal could not be considered.

Appeal from Circuit Court of Shelby County; Hon. Ben L. Capell, Judge.

Affirmed except as to Remittitur.

W. P. Biggs and Ben C. Welch, of Memphis, for appellant.

W. G. Careth and H. S. Buchanan, of Memphis, for appellee.

OWEN, J.   The defendant below, J. T. Smith, hereinafter referred to as defendant, has appealed from a judgment rendered against him in favor of the plaintiff below, Josie Combs, which judgment was based upon an action brought by Josie Combs, for damages she alleged she received by a large amount of plastering falling from the ceiling in a room, which she had rented from the defendant, located on Beale street in Memphis, Tennessee.   She alleged that she had occupied this room for two weeks and had paid two week's rent at the time she rented the room, or house, the room being a part of the house rented.   The defendant promised to repair certain leaks in the roof; that he negligently failed to make the repairs.   That she noticed in one corner of the ceiling to the room where the plastering fell that the paper had been removed and the ceiling was of wood. The balance of the overhead to the room was papered.   It appears that the overhead of the room had been plastered and prior to the plaintiff's moving into the room a part of the ceiling in one corner had fallen and had been repaired by a wooden ceiling.   This part had not been covered with canvass and paper.   Another portion of the plaster-

ing on the ceiling of the room fell, striking plaintiff while she was in the act of changing a record upon a Victrola. Several square feet of the plastering fell in large blocks, striking plaintiff on the back, knocking her to the floor, and broke the record that was in her hand. She was caused to stay in bed for several weeks and suffered considerable pain. A physician was called and treated the plaintiff continuously for several weeks.

The defendant filed a plea of not guilty and one of contributory negligence. The issues were submitted to the Court and jury and a verdict returned in favor of the plaintiff for $1000. This was reduced by the trial judge to $750. Defendant has appealed and assigned five errors.

The first four errors raise the proposition that there is no evidence to support the verdict. The fifth error complains of the court's refusal to give to the jury three special requests offered by the defendant. As to these special requests, there is no citation of the record · in the assignments of error and we find no special request in the bill of exceptions, except as set out in the motion for a new trial, but this would not be sufficient. We find attached to the bill of exceptions on page 149 three special requests written with pen and ink, all of which were refused by the trial judge, but these special requests were evidently offered by the plaintiff. On page 159 of the record we find the following: (At the conclusion of the court's charge) "Gentlemen of the jury you may retire and consider of your verdict." Following this is the statement "The jury retires" and immediately following this statement, and on the same page, there appears: "The plaintiff moves the court for a new trial in this cause, which is in words and figures as follows."

There being no special requests copied into the bill of exceptions, except in the motion for a new trial, which would not be sufficient, this assignment of error will not be considered.

We find material evidence sustaining the allegations in complainant's declaration. The jury has settled the conflict between complainant and defendant as to controverted questions of fact. Furthermore, the defendant is not in an attitude to have this case reversed if there was any merit in his assignments of error because of the fact that his motion for a new trial was not made at the same term of court at which the jury returned their verdict. It appears that the jury returned their verdict in favor of the plaintiff on the 12th day of March, 1926, and judgment was pronounced in favor of the plaintiff and against the defendant on that date. On March 13th, as shown by page 10 of the transcript, the following order appears: "(After style of the cause). In this cause it appearing to the Court that this is the last day of this term and a verdict was rendered on Friday, March 12, 1926, and there is not time enough for the defendant to make his motion for a new trial, etc., it is therefore ordered, and

adjudged by this court that the time in which to file a motion for a new trial and make up the bill of exception, pray and perfect an appeal be given to the defendant, and to dispose of any other motion in connection with the cause that may be necessary, and the defendant is given thirty days in which to perform and do the things required; all of which is ordered, adjudged and decreed, and the term is extended for such time. Ben L. Capell, Judge.''

The circuit court of Shelby county is known as the Fifteenth Circuit and said circuit is divided into parts I, II, III and IV. The terms of said court begin on the Third Monday in the months of January, March, May, September and November. Shannon's Code, sec. 137, page 114.

The motion for a new trial must be made at the same term at which the verdict of the jury is rendered. Dunn v. State, 127 Tenn., 267. A motion for a new trial must be made during the term, but may be continued. The motion for a new trial in the instant case was not filed until March 16, 1926, which was the second day of the March Term. Thus we have the verdict of the jury returned in open court and judgment pronounced thereon at the January Term, 1926, and the motion for a new trial was not made until the March, or subsequent term.

Defendant could have filed his motion at the January Term. He had March 12th and 13th in which to file his motion. The case had been completed so far as the verdict was concerned. The judge, by adjourning from day to day, or to a day some time before final adjournment, may extend the time when a case is on trial and uncompleted when the regular time for adjournment of the court below arrives, and in such a case may, as incident thereto, act on a motion for a new trial and file his bill of exceptions before he closes the term. Street Railroad & Telegraph Co. v. Simmons, 107 Tenn., 392. If the judges of the circuit court of Shelby county were permitted to extend the terms in a case like the instant case, one judge might extend his term ten days, another fifteen, another twenty and another thirty, and thus we would have the same court (for it is only one court with four divisions) extending the term to four different dates. Motion for new trial must be made during the term the cause was tried. McGavock v. Puryear, 6 Cold., 34; Williamson v. Anthony, 4 Heiskell, 78; Dunn v. State, supra.

It results that all of the assignments of error are overruled and disallowed and the judgment of the lower court is affirmed.

The plaintiff will recover of the defendant seven hundred and fifty dollars with interest from the date of the rendition of the judgment of the lower court, and all of the cost of the cause, including cost of appeal, for which execution will issue.

Senter and Heiskell, JJ., concur.