## JUSTUS *v.* STATE.

### (*Knoxville.* September Term, 1914.)

1. **CRIMINAL LAW. Transcript. Motion to strike.**

A supplemental transcript of proceedings in the cause at a term of the circuit court, when the cause was pending on appeal to the supreme court must be stricken, since the circuit court had no jurisdiction to make any order therein. (*Post, pp.* 542-544.)

Code cited and distinguished: Secs. 4597, 4598, 4599 (S.).

Cases cited and approved: Woodson v. State, 2 Shan. Case, 84; Staggs v. State, 22 Tenn., 372.

2. **CRIMINAL LAW. Appeal. Remand for correction of errors.**

Under Shannon's Code, secs. 4597-4599, providing that the circuit court may, within twelve months after final judgment and while the cause is still therein, amend any clerical error in the judgment where there is sufficient matter apparent on the record, the papers in the cause, or entries of the presiding judge to amend by, that mistakes apparent on the face of the record may be corrected after final judgment, and that in such cases the party seeking the correction shall give notice of intention to move therefor, the supreme court may remand a cause to the trial court to correct clerical errors as to an order granting time to file a bill of exceptions, when there is sufficient matter to amend by; but where no evidence, by affidavit or otherwise, to which the supreme court can look, is offered, the cause will not be remanded. (*Post, pp.* 544-546.)

Cases cited and approved: Dunn v. State, 127 Tenn., 267; Carney v. McDonald, 57 Tenn., 232.

3. **CRIMINAL LAW. Record. Bill of exceptions.**

On motion to remand a record for correction, the supreme court cannot look to the part of the transcript purporting to be a bill of exceptions, marked "Filed" by the clerk of the circuit court,

Justus v. State.

when the record shows affirmatively that there was then no authority to file a bill of exceptions, since it is not a part of the record. (*Post, pp.* 544-546.)

4. CRIMINAL LAWS. Correction of record. Requisites of order.

It is essential to the validity of an order correcting a clerical error, mistake, or omission in a judgment or decree, made by the court on whose minutes the error occurred, that it show that there was sufficient matter apparent on the record, the papers in the cause, or the entries of the presiding judge to satisfy the court that the error or omission occurred in the entry of the judgment or decree which it purports to amend. (*Post, pp.* 544-546.)

FROM SEVIER.

Error to the Circuit Court of Sevier County.—G. Mc. HENDERSON, Judge.

W. L. WELCKER, E. E. CRESWELL, W. G. CATON and BEN ROBERTSON, for plaintiff in error.

WM. H. SWIGGART, JR., assistant attorney-general, for the State.

MR. JUSTICE FAW delivered the opinion of the Court.

William Justus was found guilty by a jury in the circuit court of Sevier county of the crime of murder in the second degree. From the judgment of that court, overruling his motion for a new trial and sentencing him to confinement in the penitentiary, he appealed to

this court, and a transcript of the record was filed here on July 27, 1914. Subsequently, to wit, on October 13, 1914, an additional transcript, purporting to be a supplemental transcript in this cause, was filed at the instance of plaintiff in error.

On a former day of the present term an order was entered, on motion of plaintiff in error, by his counsel, and for reasons satisfactory to the court, continuing the case until the next regular term of this court.

The plaintiff in error, by his counsel, and the attorney-general, on behalf of the State, have since joined in a motion to set aside the former order of continuance and remand the case to the docket of the present term, in order that certain motions offered by the parties, respectively, may be considered and disposed of at the present term. The motion to vacate the order of continuance is granted, and we will now proceed to consider the several motions heretofore made and submitted.

1. The motion made on behalf of the State to strike from the files of this court the supplemental transcript filed herein by the plaintiff in error on October 13, 1914, must be sustained. The supplemental transcript purports to contain a record of certain proceedings in this cause had at the October term, 1914, of the circuit court of Sevier county. At that time this cause was pending on appeal in this court, and the circuit court had no jurisdiction to make any order therein. *Woodson* v. *State*, 2 Shan. Case, 84; *Staggs* v. *State*, 3 Humph., 372.

Justus v. State.

2. The plaintiff in error has presented a motion to have the cause remanded to the circuit court, to the end that certain alleged clerical errors in the minutes of that court may be corrected.

It is averred in the motion that the order and judgment of the court below, overruling the motion for a new trial, granting an appeal, and granting to plaintiff in error time to file a bill of exceptions, was in fact made and rendered by the trial judge on June 10, 1914, but was, by mistake and inadvertence of the clerk of that court, entered under the day caption of June 5, 1914, and that the court below granted plaintiff in error thirty days' time in which to file a bill of exceptions, but that the clerk by error and mistake, wrote "twenty," instead of "thirty," in the entry on the minutes of the court, so that the minutes show that plaintiff in error was granted twenty days to file a bill of exceptions when, under the order made by the court, he was granted thirty days from the day on which the final order was in fact made, to wit, June 10, 1914.

It is further averred in the motion that a bill of exceptions was filed by plaintiff in error in the court below on July 6, 1914, which was within thirty days from and after June 10, 1914, but was not within thirty days from June 5, 1914, nor within twenty days from June 10, 1914, and that it is therefore material to the rights of plaintiff in error that the record of the court below be corrected in such way as to show the facts in respect of these matters.

Sections 2877, 2878, and 2879 of the Code, carried into Shannon's Code at sections 4597, 4598, and 4599, are as follows (as numbered in the latter Code), viz.:

"4597.—Clerical Errors.—The circuit, chancery, and supreme courts may, at any time within twelve months after final judgment or decree, and while the cause is still in such courts, amend any clerical error, mistake in the calculation of interest, or other mistake or omission in the judgment or decree, where there is sufficient matter apparent on the record, the papers in the cause, or entries of a presiding judge to amend by.

"4598.—Mistake Apparent in Record.—Every mistake apparent on the face of the record may be corrected by the court at any term after final judgment, at the discretion of the court.

"4599.—Notice, When Required.—In all of the foregoing cases, if the cause has been finally disposed of, and the parties are therefore not before the court, the party seeking the correction shall give the adverse party ten days' notice of his intention to move for a correction of the supposed mistake."

We are of the opinion that this court may remand a cause to the trial court for the correction of clerical errors such as those set forth in the motion now under consideration, when it is made to appear to us, by satisfactory legal evidence, that "there is sufficient matter apparent on the record, the papers in the cause, or entries of the presiding judge to amend by." For manifest reasons, it would not be a sound practice to

remand a case upon the *unsupported motion* of a party to the cause.

Is there, in the present case, any evidence before us to justify an order of remandment? The original transcript of the *technical record* filed in this court shows on its face that the final order in question was made on *June 5, 1914,* and that *twenty* days' time was granted to plaintiff in error to file a bill of exceptions. We cannot look to that part of the transcript which purports to be a bill of exceptions, because it is marked "Filed" by the clerk of the circuit court on July 6, 1914, and the record, as it now stands, shows affirmatively that there was no authority to file a bill of exceptions at that time, and it is therefore not a part of the record. *Dunn* v. *State,* 127 Tenn., 267, 154 S. W., 969.

The supplemental transcript filed on October 13, 1914, cannot be considered, for that has been stricken from the files of this court on motion of the attorney general.

It is essential to the validity of an order purporting to correct a clerical error, mistake, or omission in a judgment or decree, when such order is made by the court on whose minutes the error occurred, that the order making the correction show that there was sufficient matter apparent on the record, or the papers in the cause, or the entries of the presiding judge, to satisfy the court that the error or omission occurred in the entry of the judgment or decree which it pur-

ports to amend. *Carney* v. *McDonald*, 10 Heisk., 232, 236.

It must follow that this court should not remand for such amendments of the records of the lower court to be made, unless it appears here, by satisfactory legal evidence, that the records, papers, or entries in the court below show sufficient facts to give that court jurisdiction to make the desired correction upon the remand of the cause. No evidence, by affidavit or otherwise, to which we can look, has been tendered in the present case. If there is "sufficient matter apparent on the record, the papers in the cause, or the entries of the presiding judge" below, to support the averments of the motion made here, it ought not to be a difficult matter to procure evidence of the facts from the judge and the clerk of that court.

The motion will be dismissed, but without prejudice to the right of plaintiff in error to renew the motion, properly supported by evidence, during the present term.