JOHN THOMAS SCOPES *v.* THE STATE.*

(*Knoxville.* September Term, 1925.)

1. **CRIMINAL LAW.** Trial court has power by proper order to project control over record for a period after adjournment not exceeding statutory limitations.

  Under Public Acts 1899, chapter 275, and Public Acts 1917, chapter 49, authorizing extension of time for settling bill of exceptions, the trial court by proper order may project his control over the record for a time after adjournment not exceeding statutory limitations, but when time thus fixed has expired, power of court is at an end. (*Post, p.* 428.)

  Acts cited and construed: Acts 1925, ch. 27; Acts 1919, ch. 157; Acts 1921, sec. 72; Acts 1917, ch. 49; Acts 1899, ch. 275.

  Cases cited and approved: Dunn v. State, 127 Tenn., 267; Rhinehart v. State, 122 Tenn., 698; Bettis v. State, 103 Tenn., 339: Jones v. Burch, 71 Tenn., 747; Kennedy v. Kennedy, 81 Tenn., 24; Exporters of Manufacturers' Products v. Butterworth-Judson Co., 258 U. S., 365.

2. **EXCEPTIONS, BILL OF.** Court held without authority to sign bill of exceptions or extend time for filing, where bill not filed within the thirty days granted.

  Where minute order granted defendant thirty days to file bill of exceptions, and also formally adjourned court, the court could not, thirty-five days after adjournment, sign bill of exceptions or extend time for filing to sixty days, as such act was then beyond his jurisdiction; Public Acts 1919, chapter 157, and Public Acts 1921, chapter 72, not being applicable. (*Post, pp.* 428, 429.)

3. **CRIMINAL LAW.** Consent to extension of time for filing bill of exceptions held without avail after court's jurisdiction had ceased.

Scopes v. State.

Where, by reason of failure of defendant to file bill of exceptions within thirty days after adjournment, court's jurisdiction ceased, consent of counsel to extension of time for filing was of no avail, as jurisdiction of subject-matter cannot be conferred by consent. (*Post, pp.* 428, 429.)

Cases cited and approved: Harmon v. Tyler, 112 Tenn., 8; Galyon v. Gilmore, 93 Tenn., 671; Baker v. Mitchell, 105 Tenn., 610.

4. CRIMINAL LAW. Supreme Court will not remand for correction of clerical error on unsupported motion of party to cause.

The supreme court will not, on the unsupported motion of party to the cause, remand for correction of a clerical error, such as alleged error in minute order, as to time granted for settlement of bill of exceptions. (*Post, p.* 429.)

Case cited and approved: Justus v. State, 130 Tenn., 540.

5. CRIMINAL LAW. .Statement in minute order of trial court taken as true, as such record imports absolute verity.

The statement in minute order of trial judge that thirty days had been granted in which to file bill of exceptions must be taken as true, as such a record imports absolute verity, and recitals of such record cannot be impeached by a futile bill of exceptions settled after time allowed. (*Post, p.* 430.)

Cases cited and approved: Radford Trust Co. v. Lumber Co., 92 Tenn., 126; Kilcrease's Heirs v. Blythe, 25 Tenn., 378; Pope v. Harrison, 84 Tenn., 92.

---

*Headnotes 1. Criminal Law, 17 C. J., Section 3434; 2. Criminal Law, 17 C. J., Section 3434; 3. Criminal Law, 17 C. J., Section 3434; 4. Criminal Law, 17 C. J., Section 3450; 5. Criminal Law, 17 C. J., Section 3444.

FROM RHEA.

---

Error to the Circuit Court of Rhea County.—Hon. J. T. Raulston, Judge.

JOHN RANDOLPH NEAL, CLARENCE DARROW, ARTHUR G. HAYS, DUDLEY FIELD MALONE, WM. A. THOMPSON and FRANK McELWEE, for John Thomas Scopes.

FRANK M. THOMPSON, Attorney-General, ED. T. SEAY and K. T. McCONNICO, for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The plaintiff in error has been convicted of a violation of chapter 27 of the Public Acts of 1925, known as the Anti-Evolution Act, and has appealed in error to this court. A motion has been made by the State to strike from the record the bill of exceptions on the ground that it was not seasonably filed.

Plaintiff in error was tried at a special term of the circuit court of Rhea county beginning on July 10, 1925. The minutes of the court, of date July 21, 1925, show that a motion for a new trial was made and overruled on that day, and this minute entry further recites:

"Upon motion, the court is pleased to grant defendant thirty days from July 21, 1925, in which to prepare, perfect, and file his bill of exceptions.

"Thereupon court adjourned until court in course.

"[Signed]

"J. T. RAULSTON, Judge."

The motion for a new trial having been disposed of at the trial term, chapter 157 of the Public Acts of 1919, and chapter 72 of the Public Acts of 1921, have no application to this case. These statutes regulate the procedure in

a case where the hearing of the motion for a new trial is continued until a subsequent term.

The practice is well settled that, where a motion for a new trial is overruled at the trial term, and that term is formally adjourned without a bill of exceptions having been taken, such bill of exceptions cannot thereafter be signed by the judge and made part of the record, "unless within the term, by order on the minutes, time be granted, not exceeding thirty days from the date of adjournment, for the making and filing of a bill of exceptions." *Dunn* v. *State,* 127 Tenn., 267, 154 S. W., 969; *Rhinehart* v. *State,* 122 Tenn., 698, 127 S. W., 445; *Bettis* v. *State,* 103 Tenn., 339, 52 S. W., 1071.

After these cases came chapter 49 of the Public Acts of 1917, but that act only provided that the trial judge might "in his discretion allow the parties time in which to prepare and file the bill of exceptions not to exceed sixty days from and after the adjournment of the court." According to the minute entry above quoted, the trial judge did not in his discretion grant to the plaintiff in error such an extension as was authorized by chapter 49 of the Public Acts of 1917.

The thirty days allowed by order of the court in which plaintiff in error was entitled to file his bill of exceptions expired August 20th. The bill of exceptions herein appears to have been signed September 14th, and to have been filed September 16th.

Obviously this bill of exceptions was signed and filed too late, unless we can look to a paragraph contained therein, as follows: "Upon motion the court is pleased to grant defendant sixty days from July 21, 1925, in which to prepare, perfect, and file his bill of exceptions."

Such a recital cannot have any force. The minute order of July 21st prescribes thirty days as the period during which the bill of exceptions is to be filed, and, continuing, said order formally adjourns court to court in course.

Previously the rule was that—"The power of the judge over the record ceases upon the adjournment of the term, and he has no more authority than any third person to make any alteration or addition. He cannot even sign a bill of exceptions after the adjournment of the term, although the signature may have been inadvertently omitted. *Jones* v. *Burch,* 3 Lea (Tenn.), 747." *Kennedy* v. *Kennedy,* 81 Tenn. (13 Lea), 24.

Chapter 275 of the Public Acts of 1899 empowered the court in his discretion to extend the time for settlement of a bill of exceptions for as much as thirty days after adjournment. Chapter 49 of the Public Acts of 1917 empowered the court in his discretion to extend the time for settlement of a bill of exceptions for as much as sixty days after adjournment.

These laws permit the trial court, by proper order to project his control over the record for a time after adjournment not exceeding the statutory limitations. When the time thus fixed, however, has expired, the power of the court is at an end, as it formerly ended with the adjournment of the term.

See *Exporters of Manufacturers' Products* v. *Butterworth-Judson Co.,* 258 U. S., 365, 42 S. Ct., 331, 66 L. Ed., 663, so construing the federal statutes.

In his discretion the trial judge restricted the time for filing a bill of exceptions to thirty days after July 21st, as appears from an order of that date and thereupon

adjourned his court. The time in which a bill of excep-
tions might be authenticated thus became fixed. The
discretion of the court in the matter had been exercised
and exhausted. Upon the expiration of the thirty days
the authority of the judge in the matter ceased. He could
not on September 14th, fifty-five days after adjournment,
sign a bill of exceptions or change his former order re-
specting same. Such an act was at that time beyond his ju-
risdiction. Consent of counsel could not then avail. Ju-
risdiction of subject-matter cannot be conferred upon
a court by consent. *Harmon* v. *Tyler,* 112 Tenn., 8, 83
S. W., 1041; *Galyon* v. *Gilmore,* 93 Tenn., 671, 28 S. W.,
301; *Baker* v. *Mitchell,* 105 Tenn., 610, 59 S. W., 137; and
see *Exporters of Manufacturers' Products* v. *Butter-
worth-Judson Co.,* supra.

The motion to strike the bill of exceptions must ac-
cordingly be sustained.

In the reply of plaintiff in error to the motion to strike
there is an averment that the minute order of July 21st
was entered by inadvertence and mistake; that it was in-
tended to allow sixty days for settlement of the bill of
exceptions; and plaintiff in error requests that he be
given time ''to have said erroneous minute corrected by
proper action in the lower court.''

If this be take as a motion to remand for the correction
of a clerical error, it must be overruled. This court will
not remand for such a purpose upon the unsupported
motion of a party to the cause. *Justus* v. *State,* 130 Tenn.,
540, 172 S. W., 279. There is nothing before us to show
that sufficient facts exist to give the court below jurisdic-
tion to make the desired correction.

It should be added that the statement in the minute order of July 21st that thirty days were granted in which to file a bill of exceptions must be taken as true. Such a record imports absolute verity. *Radford Trust Co.* v. *Lumber Co.,* 92 Tenn., 126, 21 S. W., 329; *Kilcrease's Heirs* v. *Blythe,* 25 Tenn. (6 Humph.), 378; *Pope* v. *Harrison,* 84 Tenn. (16 Lea), 92. The recitals of such a record cannot be impeached by anything contained in this futile bill of exceptions.