PURYEAR *v.* STATE.

(*Nashville,* December Term, 1938.)

Opinion filed March 4, 1939.

292

GALLOWAY & GALLOWAY and KLEPPER & STRATTON, all of Memphis, for plaintiff in error.

WM. F. BARRY, JR., Assistant Attorney-General, for the State.

MR. JUSTICE COOK delivered the opinion of the Court.

The plaintiff in error was charged by indictment with killing his wife. Upon the first trial, the jury disagreed. Upon a second trial, he was convicted of murder in the second degree, and on appeal the judgment was reversed. Upon the third and last trial, the jury convicted of murder in the second degree and assessed the maximum punishment at imprisonment for twenty years.

Defendant appealed and filed a bill of exceptions upon which errors have been assigned, but the State has moved to strike the bill of exceptions. The motion to strike is based upon the technical record, which shows that the jury reported their verdict June 28th, of the May term, 1937. Motion for new trial was entered August 24th, set for hearing September 8th, and overruled September 9, 1937, before adjournment of the May term, and in the order overruling the motion for a new trial, an appeal was prayed and granted and thirty days allowed defendant within which to file the bill of exceptions. The order granting the appeal recites:

"And, it is further Ordered and Adjudged by the Court that the time and May, 1937, term of the Criminal Court of Shelby County, Tennessee, be, and the same are hereby projected and extended into the September, 1937, term of the Criminal Court of Shelby County, for the filing of the bill of exceptions and the perfection of said appeal, and for all purposes."

October 8, 1937, after adjournment of the May term and during the September term, the trial judge entered an order allowing the defendant ten days' additional time within which to file the bill of exceptions, and it was filed

294

October 16th, seven days after expiration of the thirty days allowed by the order granting the appeal.

█ █ It is insisted by the State that the trial judge exhausted his judicial power and lost jurisdiction over the case when he made the final order at the May term, 1937, and that he could not exercise jurisdiction at the subsequent term. Nothing remained to be done in the case after entry of the order of September 9, 1937. The motion for new trial was overruled by that order. The appeal prayed was granted and thirty days allowed for filing the bill of exceptions. The power of the trial court over its orders and judgments or decrees ends upon adjournment of the term or the completion of the business on hand. The power of the trial judge to extend a term of court into a subsequent term for disposition of unfinished business is statutory, and his powers of projecting pending business into a succeeding term are to be determined by the statute, Code, section 10312:

"When any case, on trial by court or jury, is undetermined at the time the term at which it is pending expires, on account of time, and on account of the arrival of the succeeding term, the term shall be extended and continued into such succeeding term for all the purposes of trying, disposing of, and returning verdict and rendering judgment in such case, the same as if such new term had not arrived. And the jury trying such case shall not be discharged because of the expiration of the term."

█ In *Rhinehart* v. *State*, 122 Tenn., 698, 701, 127 S. W., 445, the statute was construed to mean that an expiring term of court should be extended into a subsequent term for the purpose of carrying a pending case to its conclusion, and that the statute could not be con-

strued to authorize the continuance of a motion for new trial from one term to another.

In *Jackson & S. St. R. R. et al.* v. *Simmons,* 107 Tenn., 392, 396, 64 S. W., 705, the statute was further construed to mean that an undisposed of motion for new trial came within the purpose and intendment of the statute and that so long as the motion for new trial was being considered by the court, the case was pending, within the meaning of the Act. Otherwise, the statute would involve the absurdity of infringing upon the succeeding term to finish a pending trial without permitting its completion by motion for new trial and grant of appeal.

Formerly, the bill of exceptions had to be made up during the term. By Code, section 8820, the trial judge is authorized to allow not exceeding sixty days within which to file a bill of exceptions, and that may be done even though the time allowed for filing the bill of exceptions may extend beyond the adjournment of the term.

The trial of this cause ended before adjournment of the May term. The motion for new trial was entered and overruled. The appeal was prayed and granted and the trial judge, upon granting appeal, in the exercise of his discretion, restricted the time for filing the bill of exceptions to thirty days from September 9, 1937. The case was finally disposed of by that order. Nothing was left for judicial determination or judicial action at the May term to carry the case into the succeeding term. The trial judge's power to project a term of court into the succeeding term is limited by express provision of the statute to the completion of a pending trial including disposition of motion for new trial and orders granting an appeal and making up the record. As

stated, that was all done within the May term. Nothing remained for judicial action. The judge having exercised his discretion and power by granting thirty days within which to file the bill of exceptions by the order entered at the May term, was without jurisdiction to extend the time allowed by the final order made at the preceding term within which to file the bill of exceptions. The bill of exceptions was not filed within the thirty days allowed by the order of the court, and, for that reason, the motion to strike the bill of exceptions must be sustained. With the bill of exceptions out of the record, we cannot review it for error, but we have examined all the evidence, have read it all, and, although it raises some doubt of defendant's guilt, it could not be found that the evidence which is conflicting upon all issues preponderates against the verdict.

There being no error upon the technical record, the judgment must be affirmed.