BROWN *v.* STATE.

(*Knoxville,* September Term, 1949.)

Opinion filed December 10, 1949.

ROBERT L. DENMAN, of Chattanooga, for plaintiff in error.

NAT TIPTON, Asst. Atty. Gen., for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The plaintiff in error was charged by indictment with burglary and after the introduction of evidence, argument of attorneys and the charge of the court he was convicted of burglary of a business house and his punishment fixed at not more than five years in the penitentiary, from which judgment he appealed and filed a bill of exceptions upon which no errors have been assigned.

The State has moved to strike the bill of exceptions. The motion to strike is based upon the technical record, which shows that the jury reported their verdict on January 20, 1949, of the January term. Motion for new trial was entered and overruled on February 28, 1949, and plaintiff in error was sentenced in conformity with the verdict of the jury.

On March 28, 1949, and in the March term of said Criminal Court of Hamilton County, an order was entered purporting to allow the plaintiff in error thirty days additional time within which to file his bill of exceptions. The bill of exceptions was not filed until May 5, 1949, or long after the thirty days allowed by the order of the trial court had elasped.

By statute the Criminal Court of Hamilton County holds monthly terms on the first Monday of each month except August. Code, Section 159, page 407.

It thus appears that the February term of the Criminal Court of Hamilton County adjourned by operation of law on the first Monday of March, and the judgment allowing the plaintiff in error thirty days within which to file his bill of exceptions became final. Therefore when the extension of time to file a bill of exceptions was entered on March 28, 1949, this extension was entered in the March term of court and was of no effect since the power of the trial judge to enter such order had expired when the February term ended.

The bill of exceptions was not filed within the thirty days allowed by order of the court, and, for that reason the motion to strike the bill of exceptions must be sustained. With the bill of exceptions out of the record, we cannot review it for error, but we have examined all the evidence, have read it all, and, we find that the plaintiff in error confessed to the crime of burglary and a portion of the property stolen from this place was found where the plaintiff in error had put it. The evidence does not preponderate against the verdict of the jury.

This Court has passed on the identical question here ruled on many times. It is not necessary for us to review the reasons for thus holding because of what has been said so well many times before. In the case of *Puryear* v. *State,* 174 Tenn. 291, 125 S. W. 2d 138, the identical situation was presented and this Court at that time sustained the motion to strike the bill of exceptions. Also see *Scopes* v. *State,* 152 Tenn. 424, 278 S. W. 57.

The result is that the judgment below must be affirmed with the costs.

All concur.