O'Brien *et al. v.* State.

(*Knoxville,* September Term, 1951.)

Opinion filed February 9, 1952.

Roy Stansberry and Jennings, O'Neil & Jarvis, all of Knoxville, for plaintiff in error Ridge.

DEXTER CHRISTENBERRY, of Knoxville, for plaintiff in error O'Brien.

KNOX BIGHAM, Assistant Attorney General, for the State.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

In order to clearly state the insistence made by Ridge's petition to rehear it is necessary to state chronologically the dates of certain proceedings and events in the history of this case.

On March 2, 1951 an order was entered overruling motion for a new trial, granting appeal, and allowing sixty days from that date within which to file the bill of exceptions. This was in the November term of Court. That term expired by operation of law on March 5, 1951. At the succeeding term (March term), on April 25, 1951, an order was entered purporting to grant defendants fifteen additional days, or a total of seventy-five days, within which to file the bill of exceptions. It was filed on the 74th day after the November term order allowing sixty days.

In view of the facts above stated we said this: "After the expiration of the November term of Court on March 5, 1951, the order of March 2 became final and beyond the power of the Court to modify. Hence, the Court was without authority to grant any further time for the filing of the bill of exceptions. The result is that the order entered on April 25, 1951 purporting to allow fifteen additional days was of no validity. *Brown* v. *State,* 189 Tenn. 380, 225 S. W. (2d) 543."

The petition to rehear says that this holding is erroneous and, in support, refers to Code, Section 10312, as amended by Chapter 48 of the Acts of 1947.

██ It is obvious from a reading of this amendatory act of 1947 that the trial judge is vested with the authority to extend the time for the filing of a bill of exceptions by an order entered at any time within thirty days from the entry of the original judgment, regardless of whether this order of extension is entered during the trial term or the term subsequent, provided the order is entered within thirty days from the entry of the original judgment.

Therefore, we erred, as insisted by the petition, in holding that "after the expiration of the November term of Court on March 5, 1951, the order of March 2 became final and beyond the power of the Court to modify". We overlooked the amendatory act of 1947.

██ However, this error does not change the result which must be reached in this case. The order of extension of time for filing the bill of exceptions was entered fifty-four days after the entry of the original judgment, in that the original judgment was entered on March 2 and this order of extension was entered on April 25. The Court's authority to extend the time in the trial term or the term subsequent was limited by the 1947 Act to thirty

days from the entry of the original judgment. Hence, this order purporting to extend the time for the filing of the bill of exceptions was beyond the authority of the Court. When the time fixed by the statute had expired, the power of the Court was at an end. *Scopes* v. *State*, 152 Tenn. 424, 428, 278 S. W. 57.

██ By Code, Section 8820 the trial court may allow not to exceed sixty days from and after the adjournment of Court within which to file the bill of exceptions. By this purported order of extension it was attempted to allow more than sixty days. For this additional reason the bill of exceptions was filed beyond the time allowed by law.

Sometimes this Court in cases in which the bill of exceptions was filed too late has stated that it examined the bill of exceptions notwithstanding the fact that it was filed too late, and that from an examination of that bill of exceptions it found in those particular cases that the verdict of guilty was justified by the evidence. Based upon that act of the Court in those cases the petition to rehear insists that we should examine the bill of exceptions "to find the truth * * * and to do justice as between the citizen and the State".

██ Just why we did examine the bill of exceptions in those particular cases and then make the observation that the evidence justified the verdict of conviction is difficult to explain. Whatever the reason, it was a useless act. The Court has no authority to go beyond the record for the purpose of determining the merits of an appeal. When the bill of exceptions is filed too late, it is not a part of the record. Hence, it cannot be looked to for any purpose.

For the reasons stated, the petition to rehear is denied.