SUGGS *v.* STATE.

(*Nashville,* December Term, 1952.)

Opinion filed April 25, 1953.

DAVIS & DAVIS, of Memphis, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

Mr. Justice Burnett delivered the opinion of the Court.

The plaintiff in error was charged by indictment with committing abortion. She was tried and convicted with the maximum punishment fixed at not more than two years confinement in the State Prison.

She has appealed and filed a bill of exceptions upon which errors have been assigned, but the State has moved to strike the bill of exceptions. The motion to strike is based upon the technical record, which shows that the motion for a new trial of the plaintiff in error was overruled on September 20, 1952, and she was allowed 30 days within which to file a bill of exceptions. On October 18, 1952, or within said 30 day period, she, the plaintiff in error, was allowed an additional 30 days within which to file her bill of exceptions. On November 15, 1952, the trial judge undertook to enter another order further extending the time in which to file a bill of exceptions for 30 days

additional time. It is to this last extension which was made or signed by the trial judge more than 30 days after September 20, 1952, (the date upon which the motion for new trial was overruled) that the State bases its motion to strike the bill of exceptions.

Section 8820 of the Supplement to the Code governs the period within which bills of exceptions may be filed. In substance this section provides that any person as a matter of right shall have 30 days after final judgment within which to file a bill of exceptions and that the judge may *"within the aforesaid thirty day period,* either within or after the expiration of the term, extend the time for filing said bills of exceptions for not exceeding an additional sixty days."* In other words by this Code Section the trial judge, within first 30 day period only, may grant additional time to file the bill of exceptions which cannot exceed 60 days from the expiration of the original 30 day period. A defendant under this Code Section may have as much as 90 days within which to present his bill of exceptions for the signature of the trial judge provided the trial judge within the 30 day period from the overruling of the motion for new trial enters an order granting this additional 60 days. There is no question but that the trial judge within this 30 day period, as provided by Statute or on October 18, 1952, when he granted the extension of 30 days, might have validly granted an extension of 60 days but at this time he granted an extension for only 30 days from September 20, 1952, and any extension that he granted thereafter would be Coram Non Judice and void. The bill of exceptions was actually filed December 6, 1952.

It seems to us that the situation here presented is analogous to the situation prevailing with reference to the adjournment of a term of court prior to the enactment

of this statute. Such a case was before this Court in *Puryear* v. *State,* 174 Tenn. 291, 125 S. W. (2d) 138, 139, and in *Scopes* v. *State,* 152 Tenn. 424, 428, 278 S. W. 57, and other cases of like import.

The almost identical situation was before this Court in *O'Brien* v. *State,* 193 Tenn. 361, 246 S. W. (2d) 45, 46 wherein this Court applied the Act of 1947 being Chapter 48 of that year. In this case this Court said:

"It is obvious from a reading of this amendatory act of 1947 that the trial judge is vested with the authority to extend the time for the filing of a bill of exceptions by an order entered at any time within thirty days from the entry of the original judgment, regardless of whether this order of extension is entered during the trial term or the term subsequent, provided the order is entered within thirty days from the entry of the original judgment."

■ Accordingly the bill of exceptions in this case was filed too late. This being true the Court has no authority to go beyond the record for the purpose of determining the merits of the appeal. When the bill of exceptions is filed too late, it is not a part of the record and cannot be looked to for any purpose. The appeal here and the questions raised by the plaintiff in error are all of a nature such as require a bill of exceptions to present them to this Court.

The judgment below must be corrected so as to sentence the plaintiff in error to not less than one nor more than two years in the State Prison. As thus corrected the judgment must be affirmed.