FIRST STATE BANK *et al. v.* STACEY *et al.*

*(Nashville,* December Term, 1952.)

Opinion filed June 5, 1953.

On Petition for Rehearing July 17, 1953.

G. E. WHITE and C. R. WATTERS, both of Lewisburg, for petitioners.

L. FORREST GATES, of Lewisburg, for respondent.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The final decree of the Court of Appeals was entered on December 12, 1952. Within 45 days from said date the petitioners for certiorari applied for, and were granted, an extension of 15 days in which to file their petition, and which expired on February 10, 1953. But on February 9, 1953, the petitioners made application for a second extension of 15 days and filed their petition for certiorari on February 25, 1953.

The petition is filed too late and the Court is without any jurisdiction to act upon it.

The second extension of time for filing the petition was granted after the original 45 days allowed by the statute for filing petitions had expired. Such extension was wholly void as held by this Court in *Schlosser Leather Co.* v. *Gillespie,* 157 Tenn. 166, 6 S. W. (2d) 328.

Section 14 of Chapter 100, Acts of 1925, Code Section 10629, provides that petitions for certiorari to remove a case from the Court of Appeals to the Supreme Court for review "shall be filed in the supreme court within forty-five days after final decree in the court of appeals, * * * provided, the supreme court, or any of the judges thereof, upon application, may extend such time for

filing petitions for certiorari for an additional period not to exceed ninety days after final decree, as above defined, in the court of appeals.''

It plainly appears from the opinion in *Leather Co.* v. *Gillespie,* supra, that application for the extension of time for filing petitions for certiorari must be made within 45 days from the final judgment in the Court of Appeals, says the Court: ''To grant time in which to file petition for certiorari after the expiration of the original term is a power not given to this court.''

Where the Court, or any of the Justices, grants an extension within the original period, the power to grant a second application for an extension, and made after the expiration of the original term, does not exist.

Any number of extensions may be granted provided the total number of days does not, when added to the original term of 45, exceed 90 days from the date of entry of the final judgment of the Court of Appeals. But any and all such applications for an extension must be made and granted within the original term.

The petition for certiorari is accordingly denied.

### On Petition for Rehearing.

The petitioners for certiorari have applied for a rehearing and complain that it was error to deny the writ on the ground that the second application for an extension came too late.

We reaffirm our holding that the second application was improvidently granted. The first application which was within the original statutory period of 45 days was pursuant to the *authority of the statute.* When the first application extended the time for filing the petition, the Court exhausted its authority. The mere fact that the first extension could have been for an additional 45 days

in no wise sustains the contention that the second application conferred jurisdiction upon the Court to act after the expiration of the original period. While this might be inferred, the Court's jurisdiction cannot depend upon an inference arising from a liberal construction of the statute. The petition is not denied purely upon technical grounds but on the plain language of the statute.

 The affidavit filed by counsel for the petitioner in support of the second application cannot be considered. The practice of filing affidavits and counter-affidavits bearing upon a failure to comply with the statute would impose upon the Court the duty of passing upon disputes between counsel and at the same time result in repealing or modifying the statute. We express no opinion as to the merits of the case as decided by the Court of Appeals.

The petition to rehear is denied.