ROBERT G. BRITTIAN *v.* CLARA C. BRITTIAN.

(*Knoxville,* September Term, 1953.)

Opinion filed October 8, 1954.

CHILD & CHILD, of Knoxville, for appellant.

MEEK & HAYNES, J. R. HAYNES, and C. A. MANER, all of Knoxville, for appellee.

Mr. Justice Prewitt delivered the opinion of the Court.

This Court denied certiorari on September 6, 1954, at Nashville, and now petitioner, Robert G. Brittian files a petition to rehear.

The only question now before us is whether the Chancellor allowed 60 days additional time to that provided by Statute, or 60 days including the 30 days allowed by law.

The pertinent portion of the decree involved is:

"which appeal is by the Court granted, and complainant is allowed thirty (30) days within which to file proper appeal bond or otherwise comply with the law, and sixty (60) days within which to file a proper Bill of Exceptions."

It is insisted by the petitioner that the Trial Court allowed sixty days in addition to the thiry days allowed by law, Section 8820, Supplement to Code of Tenn., as a matter of right, making a total of 90 days allowed at the time the decree was entered.

The petitioner relies upon said Section 8820, which provides:

"Time for filing bills of exceptions; motions for new trial need not be included therein.—In all cases tried in the circuit, criminal, county, chancery, or any other court of record, either party may file a bill

of exceptions or wayside bill of exceptions either within or after the expiration of the term without any special order of court, provided the bill of exceptions or wayside bill of exceptions is approved by the court and filed within thirty days from the entry of the order or action of the court which occasioned the filing of said bills of exceptions. The judge or chancellor may within the aforesaid thirty day period, either within or after the expiration of the term, extend the time for filing said bills of exceptions for not exceeding an additional sixty days. The maximum period of ninety days shall be computed, in case of a bill of exceptions, from the date of final judgment * * *.''

It should be noted that under the quoted portion of the section of the Code authority is given to the trial judge *within the 30 day period* to extend the time for filing so that it would not exceed 90 days from the date of the judgment, or decree.

This was so recognized in our late case of *Suggs* v. *State,* 195 Tenn. 170, 258 S. W. (2d) 747, when the court in discussing Code Section 8820 supra, stated:

"A defendant under this Code Section may have as much as 90 days within which to present his bill of exceptions for the signature of the trial judge provided the trial judge within the 30 day period from the overruling of the motion for new trial enters an order granting this additional 60 days. There is no question but that the trial judge within this 30 day period, as provided by Statute on October 18, 1952, when he granted the extension of 30 days, might have validly granted an extension of 60 days * * *.''

The difficulty with the contention of the petitioner is that he did not make the application for additional time

within the 30-day period. We cannot read into the decree that it was the intention of the Chancellor to give the petitioner 60 days from the expiration of the 30-day period.

The situation before us now is similar to a case where we are petitioned to grant the writ of certiorari to the Court of Appeals to review a decision of that Court. Under the law the petitioner is allowed 45 days to file his petition for certiorari. This time may be extended to a period not to exceed 90 days from the date of the final judgment, or decree, of the Court of Appeals, *provided the application is filed within* the said 45-day period. *First State Bank* v. *Stacey,* 195 Tenn. 386, 259 S. W. (2d) 863.

For reasons stated the petition to rehear must be denied.