# RUFUS NORRIS v. CHARLIE RICHARDS.
## —320 S. W. (2d) 730.

Middle Section.   October 31, 1958.

Certiorari denied by Supreme Court January 23, 1959.

Reagan, Neal & Craven, Jamestown, for plaintiff.

A. R. Hogue, Jamestown, for defendant.

SHRIVER, J. This appeal involves three cases brought by plaintiff, Rufus Norris, against defendant Charlie Richards and which were consolidated and tried together in the Circuit Court of Fentress County.

We have before us a motion by the appellee which is as follows:

"The plaintiff and appellee, Rufus Norris, moves the Court to strike the defendant-appellant, Charlie Richards', bill of exceptions in the above styled causes on the following ground, to-wit:

"Because said bill of exceptions was not filed within the time required by law. Appellants' motions for new trial in the three cases were overruled on March 22, 1958 (Tr. p. 71, 72 and 73) and on May 20, 1958, fifty-nine (59) days later, the appellant was

allowed an additional twenty (20) days within which to prepare and file his bill of exceptions; and same was subsequently filed on June 9, 1958. This extension of time was granted more than thirty (30) days after the appellant's motions for new trial were overruled; therefore, said extension was unauthorized by Sections 27-110 and 27-111, Tennessee Code Annotated (Official Edition), (See Suggs v. State, 195 Tenn. 170 [258 S. W. (2d) 747]; also, Duboise v. State [200 Tenn. 93] 290 S. W. (2d) 646).

"Wherefore, the appellee, Rufus Norris, moves the Court to strike the bill of exceptions.

"Rufus Norris, Appellee

"Reagan, Neal & Craven
"Attorneys for Appellee

"William G. Craven /s/

"Attorney"

In the record before us we find on page 44 an entry on the minutes of the December Term, Dec. 9, 1957, Minute Book 13, p. 336 of the Circuit Court of Fentress County, giving the style of the three cases involved herein and reciting:

"Upon being tried before the Court without the intervention of a jury upon the pleadings, evidence and argument of counsel, these cases were taken under advisement by the Court and defendants allowed three days to file brief.

"Enter;

"Wm. I. Davis, Jr.
"Judge"

The Minutes of December 12, 1957, recite that each of these causes came on to be heard December 10, 1957, before Honorable Wm. I. Davis, Jr., Circuit Judge, holding the Circuit Court for Fentress County, Tennessee, without the intervention of a jury, upon the declaration of the plaintiff, Rufus Norris, etc.

Judgment was awarded plaintiff in each case and the decrees each recite that "Upon application the defendant is allowed 30 days to prepare and file a motion for a new trial."

The record shows that on January 8, 1958 a motion for a new trial was filed by the defendant, Charlie Richards, in each of said cases.

On January 10, 1958, a decree was entered modifying the decree in the case No. 1404 as to costs and it is then ordered that "defendant be and he is allowed 30 days from and after January 10, in which to file amendments to his motions for new trial."

In Minute Book 13, page 359, designated "Chambers Minutes", for *March 22, 1958,* decrees were entered in the three said causes overruling motions for a new trial in each case.

These decrees each recite that the defendant excepts to the overruling and disallowing of said motions for a new trial and prays and is granted an appeal to the next term of the Court of Appeals sitting at Nashville, and in each decree it is recited, "And defendant is allowed thirty (30) days from the date hereof within which to file his appeal bond, giving sufficient sureties, or otherwise comply with the law, and sixty (60) days within which to have prepared and filed his bill of exceptions and otherwise perfect his appeal."

On page 74 of the record there appears a motion of defendant, filed *April 21, 1958,* which motion is, in part, as follows:

"Motion of the defendant to rehear and to correct the final decrees in case No. 1379, case No. 1380 and case No. 1404 in which final decrees or judgments were entered on March 22, 1958 and the thirty days will not expire until April 22, 1958. This decree is a final decree and this is the first application to correct or rehear said decree."

The last paragraph of said motion is as follows:

"Your petitioner, Charlie Richards moves the Court to rehear these cases and to grant an extension of time to the defendant, Charlie Richards, pending the consideration of this application to rehear or correct the judgment, in order that an appeal if desired will not be denied."

On the same date, to-wit; April 21, 1958, the following order was entered in these three cases:

"Upon the sworn application of the defendant, Charlie Richards, presented to the Court on this April 21, 1958, and for satisfactory reasons appearing the defendant, Charlie Richards is hereby allowed an additional ten (10) days within which to file an Appeal Bond or otherwise comply with the law. The said period of ten days will be computed from midnight April 21, 1958.

"This April 21, 1958.

"Wm. I. Davis, Jr.
"Circuit Judge."

It appears that appeal bonds were executed in the three cases on April 21, 1958. However, at the top of the first page of the Bill of Exceptions the following entry is made in longhand above the styles of the three cases:

"A vacancy now existing in the office of the Circuit Court Clerk of Fentress County, Tennessee, this bill of exceptions is filed by the presiding judge of the Circuit Court of Fentress County, Tenn.

"Filed this June 9, 1958, 1:30 P.M. E.S.T.

"/s/ Wm. I. Davis, Jr.
"Circuit Judge."

On the margin of said bill of exceptions is the notation, "Filed June 30, 1958, Otto Bowden, Clerk."

Thus, it is seen that the order granting a ten-day extension of time in which to file an appeal bond or otherwise to comply with the law was entered within 30 days from March 22, 1958 when the decrees overruling the motion for a new trial were entered. However, the bill of exceptions was not mentioned in said order and was not filed until June 9, 1958.

We have before us a stipulation marked filed September 23, 1958, by D. S. Lansden, the Clerk of this Court, which stipulation is signed by counsel for both parties and which recites that the cases were tried at the December Term of 1957, of the Circuit Court of Fentress County and were subsequently appealed and bill of exceptions filed June 9, 1958; it is further recited that the transcript prepared in the cases was defective in that, or or about May 20, 1958, the defendants made application for and were granted an extension of 20 days, from May 20, 1958 within which to file a bill of exceptions in said cases

and that the order granting said extension of time was inadvertently omitted from the transcript and it is, therefore, "hereby agreed by the attorneys of record, representing plaintiff and defendants, that the extension hereto attached (which has been certified as being a full, true and correct copy of said extension) may be filed as a supplemental transcript to the original transcript". This September 22, 1958.

Attached to said stipulation is a copy of a purported order reciting:

"Upon application of the defendants and for reasons appearing, the time within which defendants may have approved and filed a bill of exceptions in these cases is hereby extended an additional twenty (20) days from and after the date below stated.

"This May 20, 1958.

"/s/ Wm. I. Davis, Jr.
"Circuit Judge."

Appended to said copy of said decree is a certificate of Milton Crabtree, Clerk, to the effect that the foregoing is a full, true and correct copy of the order allowing an extension of time of 20 days from and after May 20, 1958, signed by the Clerk on the 22nd day of September 1958.

█ It is noted that the said stipulation, copy of decree and certificate of the clerk, are not identified by the Circuit Judge and, therefore, are not properly a part of the bill of exceptions, hence, we cannot consider them on appeal.

█ As was said in Garrett v. Rogers, 48 Tenn. 321, State v. Hawkins, 91 Tenn. 140, 18 S. W. 114, and many

other cases, a bill of exceptions not duly authenticated by the signature of the Trial Judge cannot be treated as a part of the record, even though the signature was omitted by inadvertence or oversight on the part of the judge.

In Chesapeake, O. & S. W. Ry. Co. v. Hendricks, 88 Tenn. 710, 13 S. W. 696, 14 S. W. 488; Newport News & M. V. Co. v. Hendricks, 154 U. S. 512, 14 S. Ct. 1150, 38 L. Ed. 1082, it was held that suggestions of diminution must be made before the case is called for trial and if not then made all objections to the state of the record are waived.

However, even if we could consider the stipulation and decree, it would still fail to cure the defect, because the order purports to grant an extension of 20 days in which to file and have approved a bill of exceptions, which order, on its face, was entered more than 30 days after the motions for new trial were overruled in these cases.

Section 27-111, T.C.A., provides that in all cases tried in the Circuit, Criminal, County and Chancery, or other Court of record, either party may file a bill of exceptions within or after the expiration of the term without any special order of the Court, provided the bill of exceptions is approved by the Court and filed within 30 days from the entry of the order or action of the Court which occasioned the filing of said bill of exceptions. The Statute provides,

"The judge or chancellor may within the aforesaid thirty (30) day period, either within or after the expiration of the term, extend the time for filing said bills of exception for not exceeding an additional sixty (60) days."

As was said in Scopes v. State, 152 Tenn. 424, 278 S. W. 57:

Syl. 2. ''Where minute order granted defendant 30 days to file bill of exceptions, and also formally adjourned court, the court could not, 35 days after adjournment, sign bill of exceptions or extend time for filing to 60 days, as such act was then beyond his jurisdiction; Pub. Acts 1919, c. 157, and Pub. Acts 1921, chapter 72, not being applicable.''

Syl. 3. ''Where, by reason of failure of defendant to file bill of exceptions within 30 days after adjournment, court's jurisdiction ceased, consent of counsel to extension of time for filing was of no avail, as jurisdiction of subject-matter cannot be conferred by consent.''

In Suggs v. State, 195 Tenn. 170, 258 S. W. (2d) 747, it was held that although the trial judge had statutory authority to grant within 30 days after judgment of conviction, a 60-day extension of time within which the bill of exceptions was required to be filed, thus giving defendant 90 days from the date of judgment within which to file the bill of exceptions, where the judge during the 30-day period granted a 30-day extension, he could not, thereafter, during the extension period grant another 30-day extension, in view of the fact that the statute authorizing an extension required the granting order to be made within 30 days after the date of judgment.

And in Duboise v. State, 200 Tenn. 93, 290 S. W. (2d) 646, the rule was reiterated that the reviewing court cannot consider a bill of exceptions not legally and seasonably filed and that a purported extension of time for filing a bill of exceptions was a nullity when granted

more than 30 days from the date on which the new trail motion was overruled. Citing T. C. A. secs. 27-110, 27-111.

Thus, it appears that we are compelled to grant the motion of the appellee to strike the appellant's bill of exceptions.

■ An examination of the assignments of error reveals that none of said assignments go to the technical record alone but depend upon a bill of exceptions and the proof introduced below. Where there are assignments that depend on the technical record alone, they will be considered on appeal without a bill of exceptions, but where as here, the assignments go to the evidence introduced below, we must affirm the judgment in the absence of a duly authenticated bill of exceptions.

■ Boren v. Cox, 7 Tenn. 368, and a long line of cases including Shelby County v. Bickford, 102 Tenn. 395, 52 S. W. 772, hold that a bill of exceptions is necessary in a law case to make the evidence a part of the record. Such matter can be brought to the notice of the appellate court in no other way, and in the absence of a bill of exceptions, the presumption is that the record below warranted the verdict and judgment.

As was said in Dunn v. State, 127 Tenn. 267, 154 S. W. 969, 971, "In the absence of a bill of exceptions, the appellate court must conclusively presume that the evidence justified the verdict."

It follows that the judgment of the trial court is, in all things, affirmed.

Affirmed.

Felts and Hickerson, JJ., concur.